WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sallie Mae Servicing LP, | No. MC 04-00036-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Christine M. Lee, et al., | |
| Defendants. | |

Pending before the Court are three motions filed by the United States of America ("United States"): Motion for Entry of Garnishment Disposition Order (Doc. 18), Motion to Seal Attachment to Motion to Amend Case Caption (Doc. 22), and Amended Motion to Amend Caption (Doc. 23). Defendants have not responded to any of the motions, and the time to do so has passed. The Court now rules on the motions.

**I.    Procedural Background**

On March 27, 2001, Sallie Mae Servicing LP ("Sallie Mae"), as agent for Student Loan Marketing Association ("SLMA"), obtained a judgment ("Judgment") against Defendant Christine M. Lee ("Lee") in the Superior Court for the State of Arizona, Maricopa County. (Doc. 1 at 1). The Judgment, entered in favor of SLMA, was in the principal sum of $128,001.87, in addition to $20,349.98 in interest, $575.00 in attorneys' fees, and $238.00 in costs. (*Id.* at 1–2).

On May 1, 2002, for consideration of $148,351.85, SLMA assigned the Judgment to the United States. (*Id.* at 4). Subsequently, the United States requested the Clerk of

Court for the U.S. District Court of Arizona to register the Judgment, and on April 22, 2004, the Clerk of Court did so. (*Id.*)

On April 16, 2010, the United States filed an application for Writ of Garnishment with the U.S. District Court of Arizona, listing CT Corporation System as the garnishee. (Doc. 2). On April 20, 2010, the Clerk of Court issued the Writ. (Doc. 3). The United States gave notice of the garnishment to Lee, who signed for the service by certified mail on June 9, 2010. (Doc. 7 at 2). Lee did not request a hearing on the garnishment and has never appeared in this case. On August 16, 2010, the Court ordered the garnishee—under the name of High-Tech Institute, Inc.—to pay 25% of Lee's non-exempt earnings to the United States. (Doc. 9). High-Tech Institute, Inc. did so until May 2, 2014. (Doc. 23 at 2).

On April 30, 2015, the United States filed a Motion to Amend Caption to include the United States "as Plaintiff to conform the case caption to the previous garnishment and to a garnishment being filed that same day." (*Id.*) The United States "inadvertently" failed to serve this motion upon Lee but did so after the Court questioned whether service was necessary. (*Id.* at 2–3).

On August 5, 2015, the United States moved for an entry of a garnishment disposition order listing The University of Phoenix, Inc. as the garnishee. (Doc. 18).

**II.     Amended Motion to Amend Caption (Doc. 23)**

In this motion, the Court must determine whether, after a lender obtains a state court judgment against a borrower for defaulting on a federally-insured loan and assigns its interest in the judgment to the United States pursuant to 42 U.S.C. § 292f(b) and the United States "registers" the judgment in federal court pursuant to 42 U.S.C. § 292f(h)(3), the registering court[1] can amend the case caption to include the United States as plaintiff.

---

[1] The court that entered the judgment—here, the Maricopa County Superior Court—is the "rendering court" (sometimes referred to as the "court of rendition"). The court in which the judgment is registered and sought to be enforced—here, the U.S. District Court of Arizona—is the "registering court" (sometimes referred to as the "court of registration").

- 2 -

The United States argues that the Court should amend this matter's caption to include the United States as plaintiff because it is the "real party in interest." (*Id.*) On September 10, 2015, the Court requested supplemental briefing on what authority permits the Court to amend the caption of the registered state court judgment. (Doc. 19). The United States responded that § 292f(h)(3) conveys such authority. (Doc. 23). This statute provides:

> With respect to any State court judgment that is obtained by a lender or holder against a borrower for default on a loan insured under this subpart and that is subrogated to the United States under subsection (b) of this section, any United States attorney may register such judgment with the Federal courts for enforcement.

§ 292f(h)(3). Also relevant is subsection (b) of section f which states:

> Upon payment by the Secretary of the amount of the loss pursuant to subsection (a) of this section, the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary. . . .

§ 292f(b).

There is no doubt that the United States was subrogated for and assigned all rights of the original "holder of the obligation," SLMA, pursuant to § 292f(b). (Doc. 1 at 4). The United States thus obtained the right—which it exercised—under § 292f(h)(3) to "register such judgment with the Federal courts for enforcement." *See* (*id.* at 5) (requesting that the Clerk of Court register the Judgment pursuant to "P.L. 102-408 § 707(h)(3)," now codified as § 292f(h)(3)).

This statute, however, does not resolve the Court's question: under what authority can this Court—a registering federal court—change the caption of a judgment that was *entered in favor of a different party* by the Maricopa County Superior Court—a rendering state court—to include a party that was *assigned* the judgment *after* it was entered? The statute cited by the United States simply permits the United States to "register" the state court judgment in federal court "for enforcement"; it does not speak to whether the United States is entitled to be named as plaintiff. Consequently, the Court must determine

- 3 -

whether it has authority to amend the caption and to do so, will review the statutorily-created procedure of registration and the legal standard for amending case captions.

### A. The Registration Process

When a party wishes to take a judgment from one court and enforce it elsewhere, the party has several options. Traditionally, the holder of a state court judgment seeking to have it enforced in federal court would file a civil action on the state court judgment if the holder could establish federal subject matter jurisdiction. There are drawbacks to this process, however, including the added expense of bringing a separate legal action and meeting the requirements of diversity jurisdiction. Thus, federal and state legislatures crafted the statutory procedure of "registration" to expedite the enforcement of foreign judgments. For example, the judgment of a state or federal court may be registered in the courts of a foreign state according to the registering state's codification of the Uniform Enforcement of Foreign Judgments Act. *See, e.g.*, Ariz. Rev. Stat. § 12-1702. As another example, the judgment of a federal court may be registered in another federal court pursuant to 28 U.S.C. § 1963 and enforced pursuant to Federal Rule of Civil Procedure ("Rule") 69. *See F.D.I.C. v. Aaronian*, 93 F.3d 636, 638 (9th Cir. 1996) ("Federal law permits a money judgment rendered in one judicial district to be registered in any other judicial district without the need to relitigate." (quoting 28 U.S.C. § 1963)). Finally, as was the case here, the United States may register and enforce in federal court certain state court judgments that have been assigned to it. *See* § 292f(h)(3); 20 U.S.C. § 1091a(c).

As to the registration process itself, "[r]egistration is a rapid procedure that does not require the intervention of a judge. It is 'merely a matter of having the clerk of the court in which the judgment is registered enter the pertinent provisions of the sister court's judgment on the judgment docket.'" *In re Prof'l Air Traffic Controllers Org.*, 699 F.2d 539, 544 (D.C. Cir. 1983) (quoting Note, Registration of Federal Judgments, 42 Iowa L. Rev. 285, 288–89 (1957)); *see Arenas v. Sternecker*, 109 F. Supp. 1, 2 (D. Kan. 1953) ("The term 'registered' . . . seems to connote a filing with the clerk and an entering upon the records in that office, in substantially the same manner as a judgment rendered

by this court."). According to one district court in this circuit, "[r]egistration is purely a ministerial act in the enforcement of a foreign judgment. It confers upon this court no power to alter the judgment itself." *Juneau Spruce Corp. v. Int'l Longshoremen's & Warehousemen's Union*, 128 F. Supp. 697, 699 (D. Haw. 1955) (citing *Gullet v. Gullet*, 188 F.2d 719, 720 (5th Cir. 1951)). Yet, in limited circumstances, "[a] court of registration has jurisdiction to entertain motions challenging the underlying judgment" brought under Rule 60. *F.D.I.C. v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996) (citations omitted).

If a party cannot enforce a state court judgment in federal court pursuant to a registration statute, the party must pursue the traditional process of filing a civil action on the state court judgment and establishing federal subject matter jurisdiction. This process is the only option requiring the party to file a complaint. *See Aaronian*, 93 F.3d at 638. When a state court judgment is registered in federal court, the party seeking to register the judgment simply files a copy of the state court judgment with the federal court. *See Allentown Dev. Co., Inc. v. Gans*, 1995 WL 489477, at *3 (S.D.N.Y. Aug. 16, 1995) ("[T]he filing of a judgment with the [state clerk of court] is not the institution of litigation, and the mere docketing of a judgment with the [state court] is not judicial action; rather, it is a ministerial act.").

### B. Legal Standard for Amending a Case Caption

The Court has not found any case law on the standard for amending captions of a judgment. The United States argues that the "leave should be freely given" standard for amending a *pleading* found in Rule 15 governs its motion. (Doc. 23 at 4). The United States is incorrect for the simple reason that it is not seeking to amend a pleading. The United States was not required to—nor did it—file a "pleading" in the U.S. District Court of Arizona. This procedure of not filing a new "complaint" or pleading is the purpose of the expedited process of registration. Even if there was a pleading that would be inconsequential as the United States only wishes to have the caption reflect that the United States is a plaintiff. *See Hoffman v. Halden*, 268 F.2d 280, 303–04 (9th Cir. 1959)

("[T]he caption of an action is only the handle to identify it[.]"); 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1321 (3d ed. 1998) ("[T]he contents of the caption usually are not considered a part of the pleader's statement of the claim or the response thereto for purposes of applying the pleading rules.").

Accordingly, the Court finds that no rule of civil procedure applies for amending the case caption in this case, because, quite plainly, no pleading has been filed.

**C.    Analysis**

The United States is certainly correct in its assertion that federal law authorized it to register the Judgment in the U.S. District Court of Arizona. However, by registering the Judgment in federal court, the United States did not convert the state court judgment into a federal judgment for any other purpose other than "for enforcement." *See* § 292f(h)(3). Moreover, while § 292f(h)(3) permits the United States to enforce the state court judgment in federal court, docketing the Judgment did not constitute the commencement of a separate action but was merely a "mechanical" endeavor whereby the "pertinent provisions" of the Judgment were transferred to this Court's docket. *Prof'l Air Traffic Controllers*, 699 F.2d at 544; *see Cappiello v. ICD Publ'ns*, 868 F. Supp. 2d 55, 62 (E.D.N.Y. 2012) ("For all purposes other than enforcement, the judgment must continue to be treated only as a judgment of the court that rendered it.").

Due to the lack of any authority to the contrary, the Court concludes that, because the United States' act in availing itself of the procedures afforded by § 292f(h)(3) did not convert the state court judgment into a federal court judgment for any purpose other than enforcement, the Court does not have jurisdiction to amend the caption of this case.[2]

---

[2] The Court has identified over two dozen cases in this district where, after being assigned a state or federal court judgment against a debtor in favor of a third party and registering the judgment in the U.S. District Court of Arizona, the United States successfully moved to amend the case caption to become listed as plaintiff. *See, e.g.*, *United States v. Martin*, No. 2:04-MC-00106-EHC (D. Ariz. 2004); *United States v. King*, No. 2:12-MC-00044-NVW (D. Ariz. 2012); *United States v. Brantner*, No. 2:01-MC-00025-NVW (D. Ariz. 2001); *United States v. Arkfeld*, No. 2:94-MC-00071-NVW (D. Ariz. 1994); *United States v. Farmer*, No. 2:04-MC-00037-NVW (D. Ariz. 2004);

**III.     Motion to Seal Attachment (Doc. 22)**

In this motion, the United States asks the Court to seal a document attached to a prior motion. (Doc. 22). According to the United States, the document contains "private, sensitive and personally identifiable information." (*Id.*)

The "private, sensitive and personally identifiable information" that the United States seeks to seal is also found—in unsealed, non-redacted format[3]—in documents filed at Docket No. 1. *See* (Doc. 1 at 3, 4).[4] Because information that has entered the public domain through such means as a publicly-available court filing is no longer protected, the Court will deny the United States' motion to seal. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) (noting that "[o]nce [information] is public, it

---

*United States v. Martin*, No. 2:08-MC-00006-NVW (D. Ariz. 2008); *United States v. Marsh*, No. 4:08-MC-00001-DCB-HCE (D. Ariz. 2008); *United States v. Miranda*, No. 2:07-MC-00085-NVW (D. Ariz. 2007); *United States v. Martin*, No. 4:05-MC-00029-FRZ (D. Ariz. 2005); *United States v. Johnston*, No. 4:08-MC-00002-CKJ (D. Ariz. 2008); *United States v. Coffey*, No. 2:03-MC-00057-GMS (D. Ariz. 2003); *United States v. Mazzarella*, No. 2:13-MC-00059-GMS-BSB (D. Ariz. 2013); *United States v. Burton*, No. 2:13-MC-00015-SRB (D. Ariz. 2013); *United States v. Little*, No. 4:03-MC-00019-RCC-JR (D. Ariz. 2003); *United States v. Lent*, No. 2:01-MC-00056-NVW (D. Ariz. 2001); *United States v. Slebodnik*, No. 2:12-MC-00018-FJM (D. Ariz. 2012); *United States v. Zimmer*, No. 4:07-MC-00022-RCC (D. Ariz. 2007); *United States v. Snow*, No. 2:03-MC-00053-RCB (D. Ariz. 2003); *United States v. Rima*, No. 2:95-MC-00036-SRB (D. Ariz. 1995); *United States v. Merchant*, No. 2:09-MC-00011-SRB (D. Ariz. 2009); *United States v. Stewart*, No. 2:06-MC-00036 (D. Ariz. 2006); *United States v. Gallagher*, No. 2:14-MC-00043-DLR (D. Ariz. 2014); *United States v. Shields*, No. 2:10-MC-00106-JAT (D. Ariz. 2010); *United States v. Baker*, No. 2:12-MC-000120-JAT (D. Ariz. 2012). The Court notes, however, that every motion to amend was unopposed and all Orders granting the motion, including that from this Court, were cursory "for good cause appearing" dispositions without ancillary analysis. On today's occasion, the Court decided to look beyond the unopposed nature of the issue, but not without first inviting the United States to supply authority for its request.

[3] The Court agrees that Lee's social security number need not be made part of the public record. However, that result can be accomplished by redacting that specific part of a document, rather than sealing the entire document. *See* Fed. R. Civ. P. 5.2(a)(1).

[4] Additionally, it appears that the document the United States seeks to seal is in the Maricopa County Superior Court public record. If so, there is no reason to seal the document in this matter.

- 7 -

necessarily remains public" and further stating that "[o]nce the cat is out of the bag, the ball game is over" (quotation omitted)).

## IV. Motion for Entry of Garnishment (Doc. 18)

### A. Applicability of 28 U.S.C. § 1962

As a preliminary concern, the Court questioned whether 28 U.S.C. § 1962 applies to this case. (Doc. 19). This statute states as follows:

> Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. This section does not apply to judgments entered in favor of the United States. Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.

§ 1962. The Court's interest in this issue is important because if § 1962 is applicable, registering the Judgment had the effect of creating a lien on all of Lee's property located in the state of Arizona. *See F.D.I.C. v. Aaronian*, 93 F.3d 636, 638 (9th Cir. 1996) ("[A registered] judgment may then be treated as a lien on any property belonging to the defendant which is located within the district of the court of registration." (citing 28 U.S.C. § 1962)); *Fifth Third Bank v. Mytelka*, 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008) ("Once a judgment is registered in a given district, it becomes a lien on the defendant's property in the state in which the district is located to the same extent that a state[] judgment does." (citing 28 U.S.C. § 1962)).

The United States' papers do nothing to answer the Court's question of whether § 1962 applies. True, the statute is inapplicable to "judgments entered in favor of the United States," but the Judgment was never "entered in favor of the United States"—it was "assigned" to it. The United States ostensibly assumes that "assigned to" and "entered in favor of" mean the same thing but cites nothing to support this assumption.

Because the phrases clearly have different implications, the Court finds that the Judgment has never been "entered in favor of the United States" thus invoking § 1962.

Nonetheless, although a lien based on the Judgment is subject to state-created limitations, see § 1962, Fed. R. Civ. P. 69(a)(1), the Judgment itself is not subject to limitations and is enforceable at any time, see 42 U.S.C. § 292f(i).[5] By enacting § 292f(i), Congress appeared to craft a carve-out from the state-created lien requirements of § 1962 by removing all limitation periods for the repayment of a loan assigned to the United States pursuant to § 292f. In this case, the United States was assigned the rights of a state court judgment and registered that judgment in this Court pursuant to § 292f(h)(3). Consequently, there is "no limitation on the period within which [the] judgment may be enforced, or an offset, garnishment, or other action may be initiated or taken by . . . the Attorney General . . . for the repayment of the amount due . . . ." § 292f(i).

**B.    Analysis**

On August 5, 2015, the United States moved for entry of a garnishment disposition order. (Doc. 18). A Writ of Garnishment, directed to The University of Phoenix, Inc. ("Garnishee"), has been duly issued and served upon Garnishee. Pursuant to the Writ of Garnishment, Garnishee filed an Answer on July 6, 2015, stating that at the time of the service of the Writ it had in its possession non-exempt earnings belonging to and due Lee, and that Garnishee was indebted to Lee. On June 26, 2015, the United States notified Lee of her right to a hearing, and she has not requested a hearing to determine exempt property or to object to the answer.

For these reasons, the United States' motion for entry of garnishment disposition order will be granted.

**V.    Lee's Mailing Address**

In its prior Order, the Court questioned whether Lee was entitled to service of case documents and if so, whether the United States was required to furnish the Court with her

---

[5] Furthermore, pursuant to 28 U.S.C. § 3201(a) and (c), any lien on Lee's real property does not expire for twenty years.

- 9 -

address to mail copies of Orders to her. (Doc. 19). The United States seemingly agreed that Lee was entitled to receive a copy of its motion to amend but did not provide the Court with her address. The Court sent its prior Order to Lee's address of record but the parcel was returned as undeliverable. (Doc. 20). Consequently, the Court will require the United States to send a copy of this Order to Lee and file a Notice providing the Court with Lee's last known address.[6]

## VI. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the United States' Amended Motion to Amend Caption (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion to Seal Attachment to Motion to Amend Case Caption (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion for Entry of Garnishment Disposition Order (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Garnishee pay the sum of 25% of Lee's non-exempt earnings to the United States, and continue withholding Lee's nonexempt earnings and paying them to the United States until the debt to the United States is paid in full or until Garnishee no longer has possession of any non-exempt earnings belonging to Lee or until further Order of this Court. Checks should be made payable to the Department of Justice and mailed to U.S. Attorney's Office, Financial Litigation Unit, 405 West Congress Street, Suite 4900, Tucson, Arizona 85701-5041. Checks should include Lee's name and case number.

**IT IS FURTHER ORDERED** that by no later than two days from the date of this Order the United States shall send a copy of this Order to Lee by certified mail.

---

[6] At Docket No. 21, the United States noted that it sent its motion to Lee's last known address of 17212 N. Scottsdale Rd. #2030, Scottsdale, Arizona 85255. (Doc. 21). If this is Lee's last known address, the United States need only file a Notice to that effect.

- 10 -

1        **IT IS FINALLY ORDERED** that by no later than two days from the date of this
2 Order the United States shall file a Notice notifying the Court of Lee's last known
3 address.

4        Dated this 16th day of February, 2016.

James A. Teilborg
Senior United States District Judge